IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Thomas D. Beightler, et al.,                                          Case No. 3:07CV1604

        Plaintiffs,

  v.                                                                                    ORDER

Produkte Fur Die Medizin AG, et al.,

        Defendants.

This is a products liability case. Plaintiffs Thomas D. Beightler and, his wife, Sue A. Beightler seek damages as a result of injuries Thomas Beightler allegedly suffered due to a malfunctioning catheter. Jurisdiction arises under 28 U.S.C. § 1332.

Defendant Produkte fur Die Medizin, AG [Produkte], a German company located in Cologne, shipped the catheter, which it did not manufacture, to its subsidiary and American-based distributor, PFM Medical [PFM]. PFM is a California company with three employees.[1]

Pending is defendants' motion to dismiss for want of personal jurisdiction. For the reasons that follow, the motion shall be granted.

**Background**

On March 31, 2005, Mr. Beightler underwent cancer surgery during which the catheter was implanted. On April 19, 2005, the catheter became dislodged and, thereafter, traveled through his

---

[1] PFM in turn, ships to an independent distributor, Progressive Medical, Inc. [Progressive]. Progressive distributes the medical devices throughout the United States, including Ohio. It is not a party to this suit.

1

body. Eventually the catheter became lodged in his heart, causing severe injury. Shortly thereafter Mr. Beightler underwent a second surgery to remove the catheter. On April 25, 2005, a second catheter was implanted.

Plaintiffs contend that defects in the design and/or manufacture of the catheter caused his injuries. Defendants contend that this court lacks personal jurisdiction over them.

Neither Produkte nor PFM is incorporated, registered, authorized or licensed to do business in Ohio. Neither maintains any offices, agencies, employees or representatives in Ohio. Neither has bank accounts or assets in Ohio.

Both Produkte and PFM, however, maintain websites providing descriptive information about their services and products for sale. These websites are accessible throughout the United States, including Ohio. Plaintiffs contend that the defendants' use of websites accessible from Ohio give this Court jurisdiction.

**Discussion**

When a court's subject matter jurisdiction is based on diversity of citizenship, as it is in this case, the substantive law of Ohio determines whether personal jurisdiction is proper. *Welsh v. Gibbs*, 631 F.2d 436, 440 (6th Cir.1980).

In Ohio, personal jurisdiction exists only if: 1) jurisdiction comports with the state's long arm statute; and 2) the assertion of jurisdiction does not violate the due process requirements of the United States Constitution. *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1262 (6th Cir.1996). When confronted with a motion to dismiss, the plaintiff bears the burden of proving a prima facie case with regards to both elements. *Nationwide Mut. Ins. Co. v. Tryg Int'l Co., Ltd.*, 91 F.3d 790, 793 (6th Cir.1996).

**1. Ohio's Long Arm Statute**

The Ohio long arm statute allows a court to acquire personal jurisdiction over an out of state defendant who commits an act or omission, or breaches a warranty, outside of Ohio in limited and specific circumstances. Those applicable in this case require that the defendant must regularly conduct or solicit business, or engage in any other persistent course of conduct, or derive substantial revenue from goods used or consumed or services rendered in this state. O.R.C. § 2307.382(A)(4-5).

The Beightlers allege that Produkte and PFM marketed and shipped the catheter, which, plaintiffs contend, caused injury in Ohio. In addition, the Beightlers contend that Produkte and PFM Medical derive substantial revenue from the sale of catheters and other medical equipment in the United States, and more specifically, in Ohio. Thus, personal jurisdiction, here, they assert, is consistent with Ohio law.

**2. Due Process Requirements**

The Beightlers must also prove that the exercise of jurisdiction over the defendants, even if authorized under Ohio law, comports with the requirements of constitutional due process. For jurisdiction to be constitutional, "due process requires only that . . . [the party] have certain minimum contacts with [the state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)).

These minimum contacts may justify either 1) general jurisdiction; or 2) specific jurisdiction. *Irizarry v. East Longitude Trading Co.*, 296 F.Supp.2d 862, 864-65 (N.D. Ohio 2003).

A finding of general jurisdiction is proper only if defendant's contacts with the forum state are so extensive as to be characterized as "continuous and systematic." *Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 414 (1984). This Court cannot exercise general jurisdiction over the defendants because neither Produkte nor PFM Medical maintains any presence in the state – physical, corporate or financial.

Exercise of specific jurisdiction, in contrast, only requires that the conduct giving rise to the present litigation have a connection to Ohio. To show such connection, a plaintiff must show: 1) the defendant has purposefully availed itself of benefits from acting or caused a consequence within Ohio; 2) the cause of action must arise from the defendant's acts or such consequences; and 3) the connection between the defendant and Ohio must be sufficiently substantial to make jurisdiction in this Court reasonable. *Southern Machine Company v. Mohasco Industries, Inc.*, 401 F.2d 374, 381 (6th Cir. 1968).

The Sixth Circuit uses a "stream of commerce plus" standard to determine whether a defendant has availed itself of the benefits of acting within Ohio. Under this standard, mere injection of a product into the stream of commerce, without more, is not enough for a finding that the defendant has purposefully availed itself of the privilege of acting in the forum. *Bridgeport Music, Inc. v. Still N The Water Publ'g*, 327 F.3d 472, 480 (6th Cir. 2003).

While only a *prima facie* case for jurisdiction must be made to overcome a motion to dismiss for lack of personal jurisdiction, a party "may not stand on [its] pleadings but must, by affidavit or otherwise, set forth specific facts showing that the Court has jurisdiction." *Theunissen v. Matthews*, 935 F.2d 1454,1458 (6th Cir.1991).

Plaintiffs have thus far failed to satisfy this requirement. To be sure, they allege that Produkte and PFM Medical established a means for Ohio consumers to order products directly from them. In support of this conclusory contention, plaintiffs, rather than offering specifics as to how online purchasing occurs, merely present a catalog of products found on PFM Medical's website. Plaintiffs present no sales or other pertinent data that could raise an inference that they made any direct sales in Ohio. *See Bird v. Parsons*, 289 F.3d 865, 872 (6th Cir. 2002) (finding purposeful availment where plaintiff presented some numerically-supported factual assertions about sales within the state and nationwide).

To show that the defendant had availed itself of benefits available in Ohio, the plaintiff must show that the defendant intended to serve the forum state's market. Traditionally, such conduct has included: "designing the product for the forum state's market, establishing channels for providing regular advice to the forum state's customers, or marketing through a distributor agreeing to serve as a sales agent in the forum state." *Lum v. Mercedes Benz*, 433 F.Supp.2d 853, 856 (N.D. Ohio 2006). Merely directing efforts toward the United States market generally does not suffice. There must as well be a focus on the forum state. *Id.*

Courts generally agree that maintaining a website accessible from within the forum state is not enough, by itself, to establish specific jurisdiction. *Neogen Corp. v. Neo Gen Scereening, Inc.*, 282 F.3d 883, 890 (6th Cir. 2002); *Bird, supra,* 289 F.3d at 874. To constitute purposeful availment, the website must be "interactive to a degree that reveals specifically intended interaction with the residents of the state." *Neogen Corp.*, *supra,* 282 F.3d at 890.

Thus, where a website's operator accepted orders and assigned passwords to the residents of the forum state, "knowing that the result of these internet contacts would be to perform services

5

for [forum state] customers in part through the transmission of electronic messages courts have found purposeful availment." *Id.* (citing *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F.Supp. 1119, 1124 (W.D. Pa. 1997)). Merely passively posting contact information and information about services does not constitute availment. *See Neogen, supra,* 282 F.3d at 890 (discussing aspects of defendant's website indicating that the company had not availed itself of the forum state's benefits).

Absent evidence that defendants, or at least one of them, operated an interactive website and had more than incidental contacts with Ohio customers through such site, plaintiffs have not shown that either defendant purposefully availed itself of the privilege of doing business here. This is so, even if both Produkte and PFM Medical may well have foreseen that their products would eventually reach Ohio. To speculate that they may have done more, absent some basis for believing that they did so, is not enough.

Thus, though plaintiffs contend that Produkte and PFM Medical may have solicited business affirmatively from Ohio customers, they present no evidence, apart from or in addition to general plans for marketing, distribution, and sales throughout the United States, to that effect. Likewise, plaintiffs fail to present any basis for concluding that the defendants established channels for providing advice and assistance to customers in Ohio, or that they contracted with Progressive to serve as their Ohio agent.

As matters presently stand, defendants' motion is well taken.

### 3. Plaintiffs' Motion for Leave to Conduct Discovery

Plaintiffs seek to conduct discovery to fill in enough gaps in their contentions regarding personal jurisdiction to overcome the defendants' motions to dismiss. Whether to grant such discovery is within my discretion. *Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229, 1240 (6th Cir.

1981). Before doing so, I must determine that plaintiffs have presented a *prima facie* showing of a basis for asserting jurisdiction. *Kerry Steel, Inc. v. Paragon Indus.*, 106 F.3d 147, 149 (6th Cir. 1997).

In this case, that basis is very slim and largely speculative. But it suffices to permit the plaintiffs to try to learn more without unduly burdening the defendants. It appears that they probably can do so by way of interrogatories, particularly about the operation of websites.

Defendants point to various factors in opposing the request for discovery. The submit affidavits about their lack of contacts with Ohio and the impact on PFM, given its low number of employees, of having to respond to discovery.

Despite these contentions and concerns, I am persuaded that some discovery should be allowed. Ascertaining whether defendants operate interactive websites should not be difficult. If so, and it appears that there is reason to believe [or, indeed, evidence] of web traffic between those sites and Ohio, that in turn may enable determination of the extent to which such contacts occur with sufficient frequency to justify asserting jurisdiction over either or both of the defendants.

Defendants also point out that Progressive is an independent middleman-distributor with which PFM does business. They contend that to untangle Progressive's sales of devices originating from Produkte via PFM would be very burdensome. But that mere contention is not proof that such would be so. If plaintiffs wish, they may undertake to conduct third-party discovery of Progressive to determine whether it is able to provide information about sales of Produkte- and PFM-derived devices in Ohio.

The discovery that plaintiffs shall be granted leave to conduct shall be, I expect, limited and focused. If they are unable to develop a factual basis for finding the defendants, or either of them,

have availed themselves of the opportunity to do business in Ohio, the motions to dismiss shall be granted. But any such decision must be held back until such time as the plaintiffs have had a fair chance to find out whether there is more to be learned about what the defendants do here, if anything.

## Conclusion

For the foregoing reasons, it is hereby

ORDERED THAT:

1. Further proceedings on Produkte Fur Die Medizin's AG and PFM Medical's motion to dismiss plaintiffs' claims against them shall be, and the same hereby are, held in abeyance pending discovery relating to personal jurisdiction; and

2. Plaintiffs' motion for jurisdictional discovery shall be, and the same hereby, is granted; such discovery to be undertaken forthwith, and to be completed on or before December 30, 2007; and

3. Parties to file status reports on completion of plaintiff's jurisdictional discovery, but not later than December 30, 2007.

So ordered.

                                                        s/James G. Carr
                                                        James G. Carr
                                                        Chief Judge