IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Thomas D. Beightler, et al.,                            Case No. 3:07CV1604

           Plaintiffs

      v.                                                   ORDER

Produkte Fur Die Medizin AG, et al.,

           Defendants

       This is a products liability case. Plaintiffs Thomas D. Beightler and his wife, Sue A. Beightler, seek damages from defendant PFM Medical [PFM] as a result of injuries Mr. Beightler allegedly suffered due to a malfunctioning catheter. Jurisdiction arises under 28 U.S.C. § 1332.

       Pending is defendant PFM's motion to dismiss for want of personal jurisdiction. [Doc. 6]. For the reasons that follow, defendant's motion shall be granted.

**Background**

       Produkte fur Die Medizin AG [Produkte], a German company, ships catheters, which it does not manufacture, to defendant PFM, its subsidiary and American-based distributor. PFM, in turn, ships products to an independent distributor, Progressive Medical, Inc. [Progressive], located in St. Louis, Missouri. Progressive distributes the medical devices throughout the United States, including Ohio.

       On March 31, 2005, Beightler underwent cancer surgery during which a doctor implanted a catheter originating with Produckte. On April 19, 2005, the catheter became dislodged and, thereafter, traveled through his body. Eventually the catheter entered his heart, causing severe injury.

1

Shortly thereafter, Beightler underwent a second surgery to remove the catheter. On April 25, 2005, a doctor implanted a second catheter.

On April 19, 2007, plaintiffs filed suit against Produkte and PFM in the Marion County, Ohio, Court of Common Pleas, contending that defects in the design and/or manufacture of the catheter caused Beightler's injuries. On March 31, 2007, defendants removed the case to this court.

On September 17, 2007, I granted plaintiffs the right to conduct limited discovery for jurisdictional purposes. *Beightler v. Produkte Fur Die Medizin AG*, 2007 WL 2713907, * 1 (N.D. Ohio). On August 28, 2008, I granted Produkte's motion to dismiss for lack of personal jurisdiction. *Beightler v. Produkte Fur Die Medizin AG*, 2008 WL 4160589, * 4 (N.D. Ohio). I also denied the Beightlers' request to add Progressive as a defendant in the proceedings, rendering PFM the sole defendant to this lawsuit. *Id*.

PFM has three employees and one office in Oceanside, California. It is not incorporated, registered or licensed to do business in Ohio, nor does it maintain any offices, agents, employees or representatives in Ohio. It does not direct its marketing activities to Ohioans.

PFM, however, has a business relationship with Clinical Technology, an Ohio-based corporation. From 2002 to 2004, [1] PFM sold about $25,000 worth of product to Clinical Technology, accounting for 1% of PFM's total revenue. PFM employees never traveled to Ohio to conduct business with Clinical Technology or entered into a written distribution agreement.

---

[1]PFM has not provided data concerning its post-incident business earnings from Clinical Technology.

On December 8, 2008, I again granted plaintiffs leave to conduct limited discovery for jurisdictional purposes. The parties have since submitted supplemental briefs to aid in my decision. [Docs. 45, 46].

## Standard of Review

"The procedural scheme which guides the district court in disposing of Rule 12(b)(2) motions is well-settled." *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991). The court decides jurisdictional disputes before proceeding to trial, *Welsh v. Gibbs*, 631 F.2d 436, 438 (6th Cir. 1980), relying on one of three procedural alternatives to make this determination. *Theunissen*, *supra*, 935 F.2d at 1458. It may: 1) "decide the motion upon the affidavits alone"; 2) "permit discovery in aid of deciding the motion"; or 3) "conduct an evidentiary hearing to resolve any apparent factual questions." *Id*.

The plaintiffs' burden varies based on the court's chosen method. *CompuServe*, *Inc. v. Patterson*, 89 F.3d 1257, 1262 (6th Cir. 1996); *Serras v. First Tennessee Bank Nat. Ass'n*, 875 F.2d 1212, 1214 (6th Cir. 1989). If, whereas here, the court elects to rule without an evidentiary hearing, the plaintiffs need only present a *prima facie* case for jurisdiction. *Bridgeport Music*, *Inc. v. Still N The Water Pub.*, 327 F.3d 472, 478 (6th Cir. 2003); *Kerry Steel v. Paragon Indus.*, *Inc.*, 106 F.3d 147, 149 (6th Cir. 1997); *Nationwide Mut. Ins. Co. v. Tryg Int'l Ins. Co.*, *Ltd.*, 91 F.3d 790, 792 (6th Cir. 1996).

As in other Rule 12(b) motions, I consider the pleadings and affidavits in the light most favorable to the plaintiffs, so long as the plaintiffs set forth specific facts. *Serras*, *supra*, 875 F.2d at 1214 (quoting *Weller v. Cromwell Oil Co.*, 504 F.2d 927, 930 (6th Cir. 1974)); *see also Nationwide*, *supra*, 91 F.3d at 792.

3

**Discussion**

"In determining whether personal jurisdiction exists over a nonresident defendant in a diversity case, a district court applies the law of the state in which it sits subject to due process limitations." *Welsh*, *supra*, 631 F.2d at 439. In Ohio, personal jurisdiction exists only if the asserted jurisdiction: 1) comports with the state's long-arm statute; and 2) does not violate the due process requirements of the United States Constitution. *Hunter v. Mendoza*, 197 F.Supp.2d 964, 967 (N.D. Ohio 2002); *U.S. Sprint Communications Co. Ltd. P'ship v. Mr. K's Foods, Inc.*, 68 Ohio St.3d 181, 183-84 (1994).

**1. Ohio Long-Arm Statute**

The Beightlers assert jurisdiction under the following two provisions of Ohio's long-arm statute.

> A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's:
>
> \* \* \*
>
> (4) Causing tortious injury in this state by an act or omission outside this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;
>
> \* \* \*
>
> (5) Causing injury in this state to any person by breach of warranty expressly or impliedly made in the sale of goods outside this state when he might reasonably have expected such person to use, consume, or be affected by the goods in this state, provided that he also regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;

O.R.C. § 2307.382(A)(4); O.R.C. § 2307.382(A)(5).

A prerequisite to granting jurisdiction under these portions of the Ohio long-arm statute, plaintiffs must satisfy that defendant: 1) derives "substantial revenue" from goods used in Ohio; 2) regularly does or solicits business in Ohio; or 3) engages in any other persistent course of conduct in Ohio. *Id.*; *Lum v. Mercedes Benz, USA, LLC*, 433 F.Supp.2d 853, 855 (N.D. Ohio 2006).

The Beightlers assert that PFM falls within the Ohio long-arm statute because PFM sold, distributed and shipped products directly to Clinical Technology for several years. I disagree.

The record shows that PFM did not derive "substantial revenue" from its business dealings with Clinical Technology. According to plaintiffs' affidavit, in 2002, 2003 and 2004, PFM's sales revenue from Clinical Technology amounted to $15,558, $8,110 and $5,910, respectively.[2] These transactions accounted for only a small portion of PFM's overall sales during this time period. From 2002 to 2005, PFM sold about $25,000 in product to Clinical Technology, accounting for less than 1% of its total sales.[3]

PFM did not derive substantial revenue from the sale of medical equipment to Clinical Technology, as evidenced by this low percentage. *See Hoover v. Robeson Indus. Corp.*, 904 F.Supp.671, 674 (N.D. Ohio 1995) (concluding that a sale constituting 5% of defendant's total commission was not substantial after noting that it could not locate "a single reported Ohio case holding . . . an amount equal to only 5% of total sales to be substantial"); *Lewis v. Horace Mann Ins. Co.*, 2003 WL 22251577, * 6  (Ohio Ct. App.).

---

[2] According to PFM, in 2002, 2003 and 2004, its orders from Clinical Technology amounted to $12,341.80, $6,711.00 and $5,839.00, respectively.

[3] Although the sales accounted for 7.2% in 2002, it made up a mere 1.2% of PFM's gross sales in 2003 and 0.6% in 2004.

Furthermore, PFM's revenue is too low to suggest that it conducted regular business in Ohio. *See id.* (finding that "$12,000 in business [out of $2 or $3 million] does not warrant a finding that Diehl [ ] conducted regular business").

Plaintiffs also failed to establish, through other factual allegations, that PFM regularly conducted business or solicited business in Ohio. The Beightlers contend that they met their burden by demonstrating that PFM's transactions with Clinical Technology occurred multiple times throughout each year. In 2002, 2003 and 2004, PFM received five, eight and five orders from Clinical Technology, respectively.

Despite their reoccurring nature, I find these business transactions to be limited transactions rather than regular business dealings. In *Estate of Poole v. Grosser*, 134 Ohio App.3d 386, 392 (1999), the court explained that "a plaintiff may prove a regular doing or solicitation of business by showing that a nonresident corporation has maintained an office in Ohio or employed a sales or service force in Ohio." PFM has done neither. It, furthermore, has never sent employees to Ohio to conduct business or entered into a written distribution agreement with an Ohio business. Nor has PFM directed marketing efforts to Ohioans. *See id.* (finding that Kentucky doctor did not regularly solicit business in Ohio, despite placing a listing in an Ohio telephone directory in the form of a small advertisement).

Plaintiffs, moreover, have not alleged facts sufficient to establish that PFM engaged in a persistent course of conduct in Ohio. They could prove this by showing that PFM had continuously relied on and benefitted from an independent sales representative operating in Ohio. *See id.* PFM did neither. *See Stern's Dept. Stores, Inc. v. Herbert Mines Assoc.*, *Inc.*, 1999 WL 33471990, * 8-9 (S.D. Ohio) (finding that defendant did not "engage[ ] in a persistent course of conduct in Ohio"

because it transacted business in Ohio sporadically by placing several individuals with Ohio corporations).

I, therefore, conclude that PFM does not fall within Ohio's long-arm statute.

## 2. Due Process Clause

Even if Ohio law authorized jurisdiction, the Beightlers must also demonstrate that the exercise of jurisdiction over the defendant comports with due process. They cannot do so.

For jurisdiction to be constitutional, "due process requires only that . . . [the party] have certain minimum contacts with [the state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' " *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)).

Minimum contacts can give rise to either general personal jurisdiction or specific personal jurisdiction. *Irizarry v. E. Longitude Trading Co.*, 296 F.Supp.2d 862, 864-65 (N.D. Ohio 2003).

### A. General Jurisdiction

General jurisdiction is established "when a defendant has continuous and systematic contacts with the forum state sufficient to justify the state's exercise of judicial power with respect to any and all claims." *Fortis Corp. Ins. v. Viken Ship Mgmt.*, 450 F.3d 214, 218 (6th Cir. 2006).

A finding of general jurisdiction involves "a more stringent minimum contacts test." *Pierson v. St. Bonaventure Univ.*, 2006 WL 181988, * 4 (S.D. Ohio) quoting *Metro. Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 568 (2d Cir. 1996).

"Neither the United States Supreme Court nor this court has outlined a specific test to follow when analyzing whether a defendant's activities within a state are continuous and systematic.

Instead, a court must look at the facts of each case to make such a determination." *LSI Indus. Inc. v. Hubbell Lighting*, *Inc*., 232 F.3d 1369, 1375 (Fed. Cir. 2000).

Among other factors, courts have considered: 1) whether the defendant solicits business in Ohio through a local office or agent; 2) whether the defendant sends agents into Ohio on a regular basis to solicit business; 3) the extent to which the defendant holds itself out as doing business in Ohio through advertisements, listings or bank accounts; and 4) the volume of business conducted in Ohio by the defendant. *Avery Dennison Corp. v. Alien Tech. Corp*., 2008 WL 5130424, \* 7 (N.D. Ohio). [4]

For the reasons below, I find that PFM has not engaged in substantial, continuous and systemic conduct in Ohio, and thus, exercising general personal jurisdiction over PFM does not comport with due process.

PFM does not solicit business in Ohio, nor does it have local offices, agents, or employees in the state. PFM employees do not travel into Ohio on a regular basis; in fact, there is no evidence that PFM employees have ever traveled to Ohio.

PFM does not advertise directly to Ohioans, have a bank account, or otherwise hold itself out as doing business in the state. Moreover, the volume of business PFM conducted in Ohio, as previously explained, is *de minimus*, and has been on the decline since 2002.

Based on these factors, I conclude that PFM's relationship with Clinical Technology – and Ohio – is sporadic at best. *See Bird v. Parsons*, 289 F.3d 865, 873-74 (6th Cir. 2002) (finding that defendant has not established a "continuous and systemic" presence in Ohio simply because nearly

---

[4]Because *Avery* is about patents, the court applied Ohio law as interpreted by the Federal Circuit. This case articulates variables used to assess general personal jurisdiction.

8

5,000 Ohio residents have registered domain names when defendant does not have an office in Ohio, a license to conduct business, a bank account and does not direct its business operations from Ohio); *see also Nationwide*, *supra*, 91 F.3d at 794 (finding no basis for general jurisdiction where defendant sent a letter to plaintiff assuming an interest in a business venture, entered into subsequent agreements, solicited additional business from plaintiff and profited from its contacts with Ohio).

Plaintiffs contend that PFM had a direct business relationship with Clinical Technology, as it filled orders, shipped product, received revenue from and communicated with Clinical Technology via facsimile and other communications.

This, however, is insufficient. *See Helicopteros*, *supra*, 466 U.S. at 418 ("Mere purchases, even if occurring at regular intervals, are not enough to warrant a State's assertion of in personam jurisdiction over a nonresident corporation in a cause of action not related to those purchase transactions."). Based on the foregoing, I cannot assert jurisdiction over PFM on a theory of general personal jurisdiction.

### B. Specific Jurisdiction

Exercise of specific jurisdiction, in contrast, only requires that the conduct giving rise to the present litigation have a connection to Ohio. To establish such a connection, the plaintiffs must show: 1) the defendant purposefully availed itself of benefits from acting or caused a consequence within Ohio; 2) the cause of action arose from the defendant's acts or such consequences; *and* 3) the connection between the defendant and Ohio was sufficiently substantial to make jurisdiction reasonable. *Southern Machine Co. v. Mohasco Indus.*, *Inc*., 401 F.2d 374, 381 (6th Cir. 1968).

Assuming *arguendo* that plaintiffs can establish the first and third prong of this test, I still cannot assert jurisdiction over defendant on a theory of specific jurisdiction. To comport with due

9

process, plaintiffs' claim must arise out of defendant's activities in the forum state. *Reynolds v. Int'l Amateur Athletic Fed'n*, 23 F.3d 1110, 1116-17 (6th Cir. 1994).

Plaintiffs have not established that Beightler's injury arose from PFM's sale of products to Clinical Technology. The Beightlers only assert that "[PFM's] activities in Ohio led to the injuries suffered by Plaintiffs." [Doc. 45]. This general averment cannot suffice to establish jurisdiction; it fails to allege that PFM's transactions with Clinical Technology had any connection with Beightler's alleged injuries.

This is especially true given PFM's proffered evidence that Progressive sold the allegedly defective port causing Beightler's injuries and that Clinical Technology's orders from PFM were for unrelated medical devices. Because PFM's business transactions with Clinical Technology are not related to the operative facts of the controversy, I cannot assert jurisdiction over PFM on the basis of specific jurisdiction. *See Calphalon Corp. v. Rowlette*, 228 F.3d 718, 723-24 (6th Cir. 2000).

## Conclusion

For the foregoing reasons, it is hereby:

ORDERED THAT defendant's 12(b)(2) motion to dismiss for want of personal jurisdiction be, and the same hereby is granted.

So ordered.

s/James G. Carr
James G. Carr
Chief Judge